# UNITED STATES BANKRUPTCY COURT
NORTHERN    DISTRICT OF  ILLINOIS
EASTERN DIVISION

In re:  CAROL GRAD         §    Case No. 16-30651
                           §    Hon. JACQUELINE P. COX
                           §    Chapter 7
                           §
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/27/2016.

The undersigned trustee was appointed on 09/27/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $9,223.66

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | |
| Administrative expenses | |
| Bank Service Fees | $53.12 |
| Other payments to creditors | |
| Non-estate funds paid to 3rd Parties | |
| Exemptions paid to the debtor | |
| Other payments to the debtor | |
| Leaving a balance on hand of [1] | $9,170.54 |

The remaining funds are available for distribution.

UST Form 101-7-TFR (5/1/2011)

    5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

    6.  The deadline for filing non-governmental claims in this case was 01/23/2017 and the deadline for filing governmental claims was 03/27/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

    7.  The Trustee's proposed distribution is attached as **Exhibit D**.

    8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $1,672.37 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

    The trustee has received $0.00 as interim compensation and now requests the sum of $1,672.37 , for a total compensation of $1,672.37 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $22.82 , for total expenses of $22.82 [2].

    Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/28/2017    By: /s/ ALLAN J. DeMARS
                                 Trustee

**STATEMENT**:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

    [2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No. 16 - 30651

Case Name: CAROL GRAD

For Period Ending: 3/31/17

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 9/27/16 (F)

§341(a) Meeting Date: 10/20/16

Claims Bar Date: 1/23/17; GOVT 3/27/17

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | Residence at 7842 W. Lake Street Morton Grove, IL | 243,335.00 | 0.00 | | | FA |
| 2 | Household furniture | 1,600.00 | 0.00 | | | FA |
| 3 | Wearing Apparel | 500.00 | 0.00 | | | FA |
| 4 | Costume Jewelry | 175.00 | 0.00 | | | FA |
| 5 | Cash | 0.00 | 0.00 | | | FA |
| 6 | Chase checking acct | 1,200.00 | 0.00 | | | FA |
| 7 | interest in Independent Building Maintenance Co. (in Chapter 7) | 0.00 | 0.00 | | | FA |
| 8 | Savings Bond | 100.00 | 0.00 | | | FA |
| 9 | John Hancock IRA | 7,800.00 | 0.00 | | | FA |
| 10 | Oppenheimer IRA | 38,000.00 | 0.00 | | | FA |
| 11 | Israel Bond | 450.00 | 0.00 | | | FA |
| 12 | Living Trust (asset is real estate listed as #1 above and going into foreclosure) | unknown | 0.00 | | | FA |

| 13 | Transamerica policy (9320) with cash surrender | 5,526.36 | 5,536.10 | | 5,536.10 | FA |
| 14 | Transamerica policy (6860) with cash surrender | 4,025.47 | 3,687.56 | | 3,687.56 | FA |

```
TOTALS (Excluding unknown values)                 9,223.66            9,223.66
                                                                          (Total Dollar Amount in Column 6)
```

Major activities affecting case closing: received cash surrender values on insurance policies from children of debtor to keep policies in effect

**CASH RECEIPTS AND DISBURSEMENT RECORDS**

| Case No.: | 16-30651 | Trustee's Name: | Allan J. DeMars |
|---|---|---|---|
| Case Name: | CAROL GRAD | Bank Name: | Associated Bank |
| Taxpayer ID#: | xx-xxx6965 | Initial CD #: | CDI |
| For Period Ending: | 3/31/17 | Blanket bond (per case limit): | 5,000,000 |
| | | Separate bond (if applicable): | |
| | | Checking acct#: | xxxxxx2488 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Checking Acct Balance |
| 11/3/16 | Ref 13,14 | Karen Grad | from children of debtor for cash surrender value of Transamerica Ins policies | 1129-000 | 9,223.66 | | 9,223.66 |
| 11/7/16 | | Associated Bank | check printing charges | 2600-000 | | 47.43 | 9,176.23 |
| 2/7/17 | Check 1001 | International Sureties, Ltd. | Bond premium | 2300-000 | | 5.69 | 9,170.54 |
| | | | | COLUMN TOTALS | 9,223.66 | 53.12 | 9,170.54 |
| | | | Less: Bank transfers/CD | | | | |
| | | | Subtotal | | | | |
| | | | Less: Payments to debtor(s) | | | | |
| | | | Net | | 9,223.66 | 53.12 | 9,170.54 |

| | NET DEPOSITS | NET DISBURSEMENTS | NET BALANCES |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS Checking# xxxxxx2488 | 9,223.66 | 53.12 | 9,170.54 |

Net  Excludes account transfers   Excludes payments to debtor   Total Funds On hand

EXHIBIT C: CLAIMS REVIEW ANALYSIS
BAR DATE: 1/23/17

| CLAIM # | DATE FILED | NAME | AMOUNT | PROPOSED DIST. |
|---|---|---|---|---|
|  |  |  |  |  |
| 1 | 10/26/16 | Discover Bank | 9,162.61 | 1,259.44 |
| 2 | 11/4/16 | Capital One Bank USA | 538.91 | 74.08 |
| 3 | 11/8/16 | Ford Motor Credit Co. | 11,295.07 | 1,552.55 |
| 4 | 11/29/16 | American Express Centurion Bank | 672.73 | 92.47 |
| 5 | 11/29/16 | American Express Bank | 898.94 | 123.56 |
| 6 | 11,29/16 | American Express Bank | 8,051.06 | 1,106.65 |
| 7 | 11/30/16 | Von Maur, Inc. | 100.00 | 13.75 |
| 8 | 12/2/16 | Capital One NA | 1,919.85 | 263.89 |
| 9 | 12/7/16 | Wells Fargo Bank | 1,956.87 | 268.98 |
| 10 | 12/21/16 | PYOD  LLC, assignee | 12,961.23 | 1,781.57 |
| 11 | 1/5/17 | Department Store National Bank | 1,549.79 | 213.02 |
| 12 | 1/17/17 | US Bank Natl Assoc | 1,513.00 | 207.97 |
| 13 | 1/17/17 | Synchrony Bank | 1,361.41 | 187.13 |
| 14 | 1/19/17 | US Bank Natl Assoc | 2,402.91 | 330.29 |
|  |  |  |  |  |
|  |  |  | 54,384.38 | 7,475.35 |
|  |  |  |  |  |

Exhibit D

# TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 16-30651
Case Name: CAROL GRAD
Trustee Name: ALLAN J. DeMARS

**Balance on hand:** $9,170.54

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| | | | | | |

Total to be paid to secured creditors: $0.00
Remaining balance: $9,170.54

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| Trustee, Fees | ALLAN J. DeMARS | $1,672.37 | $0.00 | $1,672.37 |
| Trustee, Expenses | ALLAN J. DeMARS | $22.82 | $0.00 | $22.82 |
| Attorney for Trustee, Fees | | | | |
| Attorney for Trustee, Expenses | | | | |
| Accountant for Trustee, Fees | | | | |
| Accountant for Trustee, Expenses | | | | |
| Auctioneer, Fees | | | | |
| Auctioneer, Expenses | | | | |
| Charges, | U.S. Bankruptcy Court | | | |
| Fees, | United States Trustee | | | |
| Other | | | | |

Total to be paid for chapter 7 administrative expenses : $1,695.19
Remaining balance: $7,475.35

UST Form 101-7-TFR (5/1/2011)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Attorney for Debtor, Fees* | | | |
| *Attorney for Debtor, Expenses* | | | |
| *Attorney for            , Fees* | | | |
| *Attorney for            , Expenses* | | | |
| *Accountant for          , Fees* | | | |
| *Accountant for          , Expenses* | | | |
| Other | | | |

Total to be paid for prior chapter administrative expenses: $0.00
Remaining balance: $7,475.35

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for priority claims: $0.00
Remaining balance: $7,475.35

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling ____$54,384.38____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be __13.7__ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $9,162.61 | $0.00 | $1,259.44 |
| 2 | Capital One Bank USA NA | $538.91 | $0.00 | $74.08 |
| 3 | Ford Motor Credit Co. | $11,295.07 | $0.00 | $1,552.55 |
| 4 | American Express Centurion Bank | $672.73 | $0.00 | $92.47 |
| 5 | American Express Bank | $898.94 | $0.00 | $123.56 |
| 6 | American Express Bank | $8,051.06 | $0.00 | $1,106.65 |
| 7 | Von Maur, Inc. | $100.00 | $0.00 | $13.75 |
| 8 | Capital One NA | $1,919.85 | $0.00 | $263.89 |
| 9 | Wells Fargo Bank | $1,956.87 | $0.00 | $268.98 |
| 10 | PYOD LLC, assignee | $12,961.23 | $0.00 | $1,781.57 |
| 11 | Department Store National Bank | $1,549.79 | $0.00 | $213.02 |
| 12 | US Bank National Associations | $1,513.00 | $0.00 | $207.97 |
| 13 | Synchrony Bank | $1,361.41 | $0.00 | $187.13 |
| 14 | US Bank National Association | $2,402.91 | $0.00 | $330.29 |

Total to be paid for timely general unsecured claims: $7,475.35
Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling ___$0.00___ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be ___0___ percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for tardy general unsecured claims: $0.00
Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00__ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be __0__ percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | NONE | $0.00 | $0.00 | $0.00 |

Total to be paid for subordinated claims: $0.00
Remaining balance: $0.00

**UST Form 101-7-TFR (5/1/2011)**